UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Avery Itez Long, | ) | C/A No. 8:25-cv-13138-BHH-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden S. Napier, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. ECF No. 14. Petitioner, proceeding *pro se*, brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is confined at the Edgefield Federal Correctional Institution ("Edgefield"). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). For the reasons below, the undersigned recommends that this action be dismissed for failure to prosecute.

**BACKGROUND**

Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 along with supporting documents. ECF Nos. 1; 1-1. By Order dated November 19, 2025, the Petition was authorized for service on Respondent. ECF No. 9. On February 9, 2026, Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. ECF No. 14. Petitioner's response to the Motion was due March 12, 2026. ECF No. 29. Because Petitioner is proceeding *pro se*, the Court entered an Order dated February 9, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (the "*Roseboro* Order"), advising Petitioner

1

of the summary judgment and motion to dismiss procedures and the possible consequences for failing to respond adequately to the Motion by March 12, 2026. *Id*. Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending this case. *Id*.

On February 23, 2026, Petitioner filed a Motion for Extension of Time. ECF No. 17. The Court granted that request by Order dated February 23, 2026, extending the deadline to April 13, 2026. ECF No. 18. However, notwithstanding the specific warning and instructions set forth in the Court's *Roseboro* Order, Petitioner failed to respond to Respondent's Motion.

After the response deadline, the Court entered an Order dated April 16, 2026, directing Petitioner to file a response to Respondent's motion by May 6, 2026. ECF No. 21. That Order advised Petitioner that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. *Id*. However, Petitioner has not filed a response.

## DISMISSAL FOR FAILURE TO PROSECUTE

The Petition challenges the calculation of Petitioner's sentence. ECF Nos. 1; 1-1. Respondent filed a Motion to Dismiss or for Summary Judgment. ECF No. 14. By Order dated April 16, 2026, Petitioner was notified that this action was subject to dismissal with prejudice for failure to prosecute. *Id*. In that Order, Petitioner was directed to file a response to Respondent's Motion by May 6, 2026. *Id*. The Court's Order was mailed to Petitioner at the address he provided to the Court. ECF No. 22. Neither the *Roseboro* Order nor the May 6 Order were returned to the Court as undeliverable, and Petitioner is presumed to have received the Court's Orders along with Respondent's Motion. However, Petitioner did not respond to the Court's Orders and has not filed a response to Respondent's Motion.

Therefore, this action is subject to dismissal because Petitioner has failed to prosecute this case and has failed to comply with the Court's Orders. "The Court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, C/A No. 4:13-cv-00897-RBH, 2013 WL 12157548, at \*1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (noting Rule 41"recognize[s] that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders"). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Petitioner did not file a response to Respondent's Motion and has failed to file a response to this Court's Orders, and the time for response has lapsed. Petitioner has failed to prosecute this case and has failed to comply with multiple Orders of this Court. As such, it appears to the Court that Petitioner does not oppose Respondent's Motion and wishes to abandon this action. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## <u>DISMISSAL ON THE MERITS</u>

In the alternative, even if the Court were to reach the merits, Respondent would be entitled to summary judgment, and the Petition would be subject to dismissal.

3

**Background**

Petitioner asserts that he brings this action to challenge "how my credit for time served has not been applied." ECF No. 1 at 2. Petitioner contends that the "BOP has failed to apply the credit for time served as required by law." *Id*. Petitioner alleges he was sentenced on October 18, 2022, in the United States District Court for the Northern District of Georgia at case number 1:21-cr-0085-WMR. *Id.* at 1. Petitioner asserts the following specific grounds, quoted verbatim:

**GROUND ONE**: The Court has breached sub-part of plea agreement paragraph 44 unless I engaged in conduct inconsistent with accepting responsibility on June 22, 2022, the Court failed to apply credit from January 20.

*Supporting Facts*: The Government agreed to credit for time served on 6-22-22 with credit for time served since January 8, 2020, see plea agreement.

**GROUND TWO**: Under Program Statement 5880.28 Sentence Computation Manual, all official time spent in detention shall be credited toward the federal detention.

*Supporting Facts*: I spent from January 8, 2020, to June 22, 2022. A plea agreement was made that credit would be given, yet I have not been given the credit.

**GROUND THREE**: The District Court breached its contract by not applying good jail credit to the federal sentence.

*Supporting Facts*: I signed a plea agreement which stated that credit from Jan. 20, 2020, shall be credited.

**GROUND FOUR**: Why didn't Judge William Ray didn't reject the plea agreement (time served since Jan. 8, 2020, paragraph 17).

*Supporting Facts*: This was a negotiated plea in open court on June 22, 2022, and singed by Avery Long, the Defendant, Dennis O'Brien, the Defendant's

4

> Attorney, also by Joseph A. Plummer, the Assistant U.S. Attorney.

*Id.* at 6-7. For his relief, Petitioner asks "the Court to award the credit from Jan[uary] 8, 2020, as agreed to." *Id*. at 7.

In the Motion, Respondent argues that (1) Petitioner's federal sentence commenced on May 10, 2023; (2) Petitioner is not entitled to prior custody credit against his federal sentence; and (3) Petitioner's collateral attack on his federal sentence and plea agreement is not cognizable under § 2241. *See generally* ECF No. 14. Respondent's Motion is supported by the Declaration of H. Gandy, a Management Analyst at the Designation and Sentence Computation Center ("DSCC") within the BOP, along with various exhibits. ECF No. 14-1.

**Applicable Law**

### *Liberal Construction of Pro Se Petition*

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him*, Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

***Motion to Dismiss and Motion for Summary Judgment Standards***

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that

6

give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Because Respondent presented matters outside the pleadings, which the Court is not excluding, Respondent's Motion shall be treated as one for summary judgment.

### *Habeas Corpus Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, No. 8:06-cv-047-JFA-BHH, 2006 WL 1328780, at \*1 (D.S.C. May 11, 2006).

*Calculation of a Term of Imprisonment*

The computation of a federal sentence is the responsibility of the Attorney General and has been delegated to the BOP. *See United States v. Wilson*, 503 U.S. 329, 331–36 (1992); 28 C.F.R. § 0.96. Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). When a federal court sentences a defendant who is in state custody and is borrowed by federal authorities to dispose of federal charges pursuant to a writ of habeas corpus *ad prosequendum*, the inmate is not in federal custody.[1] *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992). The inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. *Id.* at 360–61 & n.3.

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate issues: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> (a) **Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

---

[1] "A writ of habeas corpus *ad prosequendum* is an order issued by a federal district court requiring the state to produce a state prisoner for trial on federal criminal charges." *United States v. Ray*, 899 F.3d 852, 858 n.2 (10th Cir. 2018).

(b) **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

**Discussion**[2]

Petitioner was incarcerated in Georgia state custody beginning on January 8, 2020.[3] ECF No. 14-1 at 3, ¶ 8. His federal sentence was imposed on October 18, 2022, in the Northern District of Georgia at case number 1:21-cr-85-2, while Petitioner was still in state custody. *Id*. at 3, ¶ 14. Petitioner was sentenced to an 85-month term of imprisonment within the BOP. *Id*. Petitioner came into federal custody within the BOP on May 10, 2023, after he was released by Georgia state authorities. *Id*. at 3, ¶ 17. The issue presented is whether Petitioner is entitled to any custody credit for the federal sentence prior to his admission into a BOP facility on May 10, 2023. The Court will address Respondent's three arguments in turn below.

---

[2] The Declaration of H. Gandy, along with supporting exhibits, provides an exhaustive presentation of the procedural histories of Petitioner's state and federal criminal proceedings, convictions, sentences, and periods of incarceration. The Court has carefully reviewed the documents submitted and finds Respondent's presentation of this background is in accordance with the relevant official Georgia and BOP documents. ECF No. 14 at 6–10. The Court does not repeat that background here.

[3] Petitioner was arrested for a parole violation and had previously been in custody in the Georgia Department of Corrections for a period of time prior to his release on June 27, 2016. ECF No. 14-1 at 2–3, ¶¶ 7–8.

***Commencement of Petitioner's Federal Sentence***

Respondent first argues that Petitioner's federal sentence commenced on May 10, 2023. ECF No. 14 at 11. The Court agrees.

In determining the commencement date of a federal sentence, the BOP is guided by 18 U.S.C. § 3585(a), which states:

> Commencement of sentence-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Petitioner was received from Georgia state authorities into exclusive federal custody on May 10, 2023. ECF No. 14-1 at 3, ¶ 17. That is the date that Petitioner's federal sentence commenced. In a recent decision in this District, the court explained that "[w]hen an inmate faces both federal and state charges, 'the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied.'" *Hillsee v. Warden, FCI Williamsburg*, C/A No. 5:25-cv-03753-DCC, 2026 WL 92863, at *2 (D.S.C. Jan. 13, 2026) (citing *Martinez v. Stewart*, C/A No. GJH-18-cv-3940, 2020 WL 5106712, at *2 (D. Md. Aug. 29, 2020)). Here, Georgia state authorities obtained primary jurisdiction over Petitioner when they arrested him on January 8, 2020, and continued to detain him based on state charges. The state of Georgia maintained primary jurisdiction over Petitioner until his state sentence was satisfied and he was released to federal authorities on May 10, 2023. *See, e.g.*, *Fisher v. O'Brien*, C/A No. 7:08-cv-00569, 2009 WL 1382385, at *2 (W.D. Va. May 15, 2009) (finding that a petitioner's federal sentence did not begin until "after the state exacted its penalty from [the petitioner] and released him to the federal detainer for service of his federal sentence.").

Petitioner was in the secondary custody of the United States Marshal Service pursuant to a writ of *habeas corpus ad prosequendum* to face his federal charges from March 11, 2021, until October 27, 2022, when he was returned to Georgia state authorities. ECF No. 14-1 at 3, ¶¶ 12–16. However, borrowing an inmate pursuant to a writ of *habeas corpus ad prosequendum*, as was done in this case, is not an event that relinquishes a sovereign's primary jurisdiction. *See Evans*, 159 F.3d at 912 (citing *Whalen*, 962 F.2d at 361 n.3 (the state retains primary jurisdiction over a prisoner appearing in federal court pursuant to a writ of *habeas corpus ad prosequendum*)); *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993) (explaining a prisoner is not even "in custody" when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ; he is merely "on loan" to that jurisdiction's authorities).

In accordance with the principle of primary jurisdiction and the commands of 18 U.S.C. § 3585(a), Petitioner's federal sentence is appropriately deemed to have commenced on May 10, 2023, the date Petitioner entered into exclusive federal custody. *McEarchen v. Joseph/FCI Bennettsville*, C/A No. 8:24-cv-3176-JFA-WSB, 2025 WL 3111354, at *7 (D.S.C. June 26, 2025), *R&R adopted by* 2025 WL 3111203 (D.S.C. Nov. 6, 2025) ("The time periods when Petitioner was 'borrowed' from Georgia via the federal writ of habeas corpus *ad prosequendum* did not begin the service of his federal sentence.").

### *Prior Custody Credit*

Respondent also argues that Petitioner is not entitled to prior custody credit against his federal sentence. ECF No. 14 at 14. According to Respondent, "Petitioner is statutorily ineligible for prior custody credit for the time he spent in custody between January 8, 2020, through May 10, 2023, as all of that time period was credited toward his state sentence." *Id*. The Court agrees.

Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added). Under § 3585, a defendant cannot "receive a double credit for his detention time." *Wilson*, 503 U.S. at 337; s*ee also McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (explaining 18 U.S.C. § 3585 is intended to prevent double credit for detention served before a federal sentence actually begins); *Davis v. Pettiford*, C/A No. 9:07-cv-1670-TLW-GCK, 2008 WL 2923188, at *4 (D.S.C. July 23, 2008) (18 U.S.C. § 3585(b) "specifically precludes a defendant from receiving 'double credit for his detention time.'") (citing *Broadnax v. Pettiford*, C/A No. 3:06-cv-1773-RBH, 2007 WL 781725, at *2 (D.S.C. March 12, 2007)), *aff'd*, 325 F. App'x 225 (4th Cir. 2009); *McCollough v. O'Brien*, C/A No. 7:06-cv-00712, 2007 WL 2029308, at *2 (W.D. Va. July 10, 2007) ("This rule against double credit is clearly established") (citing *Wilson* and *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (finding that a defendant may receive credit against federal sentence for time in official detention unless it has been credited toward another sentence)), *aff'd*, 258 F. App'x 611 (4th Cir. 2007)). Here, the record shows that Petitioner was given credit against his state sentence for all time he is seeking with respect to his federal sentence from January 8, 2020, through May 10, 2023. ECF No. 14-1 at 4, ¶ 18. Petitioner is not entitled to "double count" that period of incarceration against his federal sentence. *Jordan v. Atty. Gen. of U.S.*, C/A No. 2:04-cv-0126-20AJ, 2004 WL 3541821, at *4 (D.S.C. Oct. 29, 2004), *aff'd*, 133 F. App'x 892 (4th Cir. 2005).

12

### *Petitioner's Collateral Attack on the Federal Sentence*

Finally, Respondent argues that Petitioner's apparent collateral attack on the federal sentence and plea agreement is not cognizable under § 2241. ECF No. 14 at 16. According to Respondent, Petitioner seems to be asserting a collateral attack on the federal sentence by arguing that the sentencing court in his federal case "breached" the terms of the plea agreement by not awarding him prior custody credit against his federal sentence for the time he spent in custody since January 8, 2020. *Id*. Respondent explains, "Petitioner seemingly indicates a belief that the sentencing court's failure to give him the prior custody credit recommended in his plea agreement violated the plea agreement" and that "the sentencing court should have rejected the plea agreement if the agreement's recommendation regarding prior custody credit was not going to be adopted by the sentencing court." *Id*. Respondent argues that this Court lacks the authority under § 2241 to consider a request to alter the sentence as imposed. *Id*. at 17. The Court agrees.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255", not through a petition filed pursuant to § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *Pumphrey v. Coakley*, C/A No. 1:16-cv-199, 2017 WL 2665710, at *2 (N.D.W. Va. June 21, 2017), *aff'd*, 699 F. App'x 203 (4th Cir. 2017) (holding that the court lacked authority to consider a request to withdraw a plea agreement in a § 2241 motion, and that "the proper avenue for collaterally attacking one's conviction is a motion pursuant to 28 U.S.C. § 2255"); *see also Robinson v. Janson*, C/A No. 9:23-cv-03347-HMH-MHC, 2023 WL 8475659, at *3 (D.S.C. Oct. 10, 2023), *R&R adopted by* 2023 WL 8270664 (D.S.C. Nov. 30, 2023), *aff'd*, No. 24-6018, 2024 WL 2828100 (4th Cir. June 4, 2024). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause as follows:

13

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807.

Petitioner has not offered any argument or cited any law to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. Indeed, the sentencing court in his federal criminal case considered and denied a motion filed by Petitioner requesting that credit be applied toward his sentence, noting that time credit was generally a matter for the BOP. *See United States v. Avery Itez Long*, No. 1:21-cr-85-2 (N.D.G.A.), ECF No. 124 at 3-4. The Court accordingly finds that Petitioner is not permitted to collaterally attack the sentence imposed through this Motion under § 2241.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED**, with prejudice, pursuant to Rule 41(b) for failure to prosecute. In the alternative, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss or for Summary Judgment be **GRANTED** on the merits.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

May 13, 2026
Greenville, South Carolina


*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).