IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Avery Itez Long,                                  )
                                                 )
                    Petitioner,                  )
                                                 )    Civil Action No. 8:25-cv-13138-BHH
v.                                               )
                                                 )    **ORDER**
Warden S. Napier,                                )
                                                 )
                    Respondent.                  )
_____ )

This matter is before the Court upon Petitioner's ("Petitioner") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) On February 9, 2026, Respondent filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 14.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

Because Petitioner is proceeding *pro se*, the Magistrate Judge issued an order on February 9, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences for failing to respond to the motion by March 12, 2026. (ECF No. 29.) Petitioner filed a motion for extension of time on February 23, 2026, which the Magistrate Judge granted, extending Petitioner's time to respond to April 13, 2026. (ECF Nos. 17, 18.) Nevertheless, Petitioner failed to file a response.

Thus, on April 16, 2026, the Magistrate Judge issued an order instructing Petitioner to respond by May 6, 2026. (ECF No. 21.) The order noted that if Petitioner failed to respond, then the Magistrate Judge would recommend that the matter be dismissed. Petitioner failed to file a response.

Accordingly, on May 13, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this matter based on Petitioner's failure to prosecute, while also addressing the merits and finding that Respondent is entitled to summary judgment.  (ECF No. 24.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's**

**Report (ECF No. 24), and the Court dismisses this matter with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 1, 2026
Charleston, South Carolina